M. David Graubard, Esq.
Kera & Graubard
Attorneys for Woodbury Real
  Estate Group, LLC, Creditor
240 Madison Avenue, 7th floor
New York, NY  10016
(212) 681-1600

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------x
In re:

                                                     **Case No. 1-12-40652-jf**

**WOODBURY DEVELOPMENT, LLC,**

                **Debtor.**
-----------------------------------x

        <u>**SO ORDERED** STIPULATION BETWEEN DEBTOR AND MORTGAGEE</u>

    **WHEREAS:**

    A)   On January 21, 2012, Woodbury Development, LLC ("the Debtor") filed the voluntary Chapter 11 Petition with this Court;

    B)   On December 2, 2011, a judgment of foreclosure and sale ("Judgment") was entered in Supreme Court, County of Orange in favor of Woodbury Real Estate Group, LLC ("Mortgagee") against the Debtor on the Debtor's property located in Woodbury, New York ("Property") in the sum of $7,199,734.50 as of June 24, 2010;

    C)   Interest on the Judgment runs at $2,866.67 per day;

    D)   The Mortgagee moved in the Bankruptcy Court to dismiss the Chapter 11 case or in the alternative to vacate the automatic stay or have the Court abstain ("Motion");

    E)   The Mortgage and the Debtor have negotiated the terms under which the Debtor will have an opportunity to sell the

property for a price that will pay the Mortgagee in full, and will leave an excess amount for the creditors and equity holders of the Debtor;

NOW IT IS HEREBY STIPULATED AND AGREED by and between the Mortgagee and the Debtor as follows:

1. This Stipulation must be fully executed on or before May 24, 2012 and shall be "so ordered" or approved by the Bankruptcy Court on or before June 14, 2012; otherwise this Stipulation is void and the Mortgagee is free to proceed with its Motion.

2. The Mortgagee hereby withdraws its Motion which is deemed settled under the terms of this stipulation. The Mortgagee hereby withdraws its objection with respect to the Debtor's authority to file the petition with prejudice. Any other party who may wish to object to the Debtor's authority to file the petition, must file a motion raising such objection within 10 days of service of notice of entry of this stipulation which will be heard on an expedited basis. The failure to file such a motion within the time provided for in this paragraph shall preclude any further claim under that issue. A notice of entry of this stipulation shall be served upon all parties by FedEx or similar overnight service within 10 days of the entry of the stipulation, so ordered by the Court.

3.  The sale price must be for a minimum amount that will pay the Mortgagee in full (at this point at least $9,593,571.76) plus interest at the rate of $2,866.67 per day and any future disbursements for real estate taxes;

4.  Closing must be held within 270 days of May 24, 2012, **i.e., no later than February 18, 2013,** time being of the essence;

5.  The Debtor can execute contracts to sell the portions of the Property in different parcels, but no closing on any such parcel can occur until <u>all</u> parcels are sold. The only exception is if parcels are sold so that the aggregate price is sufficient to pay off the Mortgagee's secured claim in full;

6.  The deposit on any contract must be either 10% of the purchase price or a minimum of $500,000.

7.  Any brokerage commission must be paid from funds above and beyond the amount of the final mortgage debt.

8.  A deed in lieu of foreclosure will be held in escrow by Kera & Graubard, counsel for the Mortgagee, with the relevant real property transfer tax forms, to be held in escrow and released only on any one of the following events:

    (a)   the debtor does not have an executed contract with a buyer within 120 days from May 24, 2012, **i.e., no later than September 21, 2012,** or

3

(b) if a written contract is entered into, a closing within 270 days of May 24, 2012, i.e., no later than February 18, 2013, sufficient to satisfy the Mortgagee's claim in full is not consummated.

9. A consent to dismissal of the Chapter 11 case to be held in escrow under the same terms as the deed in lieu of foreclosure, as set forth in paragraph 8 hereof.

10. Notwithstanding anything to the contrary in the Stipulation,

(a) All of the United States Trustee's ("UST") rights are reserved, including without limitation the UST's right to move to dismiss or convert the Debtor's bankruptcy case,

(b) During the pendency of the stipulation, the Debtor remains title owner of the its real property unless and until the deed to the Debtor's real property is transferred to the Mortgagee pursuant to the stipulation, and

(c) Any transfer of title to the Mortgagee and/or dismissal of the Debtor's case pursuant to the stipulation must be done on no less than three business days' notice to parties interest.

11. This Stipulation may be executed in counter parts or by facsimile transmission and the various parts will be considered one integral document.

Dated:   New York, New York
         June 7, 2012

                                    BACKENROTH FRANKEL & KRINSKY, LLP
                                    Attorneys for the Debtor

                                  By: <u>s/Abraham Backenroth</u>
                                      Abraham Backenroth, Esq.
                                      489 Fifth Avenue
                                      New York, New York 10017
                                      (212) 593-1100
                                      Fx: (212) 644-0544

                                  KERA & GRAUBARD
                                  Attorneys for WOODBURY REAL ESTATE
                                   DEVELOPMENT, LLC

                                  By: <u>s/M David Graubard</u>
                                      M. David Graubard, Esq.
                                      240 Madison Avenue, 7th floor
                                      New York, NY  10016
                                      (212) 681-1600
                                      Fx: (212) 681-1601

SO ORDERED:


<u>s/Jerome Feller</u>
United States Bankruptcy Judge

Dated:    Brooklyn, New York
          June 13, 2012