UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                        Chapter 11

Woodbury Development, LLC                                    Case Nno. 12-40652-jf

                            Debtor.
----------------------------------------------------------x

## ORDER AUTHORIZING RETENTION OF DEBTOR'S BROKER

Upon the application ("Application") of the above-captioned debtor ("Debtor"), requesting authorization to retain Prudential Douglas Elliman ("Broker"), to represent the Debtor herein as real estate broker (Doc. No. 33), and upon the Affidavit of Disinterest by Irene Nickolai, and it appearing that the Broker represents no interest adverse to the Debtor or its creditors herein, and that its employment is necessary and in the best interests of the estate, and after due deliberation and sufficient cause appearing therefor, it is accordingly

ORDERED, that the Debtor be, and it hereby is, authorized pursuant to section 327(a) and 327(e) of the Bankruptcy Code to employ the Broker under the terms set forth in the Listing Agreement attached to the application; and it is further

ORDERED, that the amount of compensation paid by the Debtor shall be determined upon appropriate application to the Court pursuant to Sections 330 and 331 of the Bankruptcy Code, any applicable Standing Orders of the United States Bankruptcy Courts and the Guidelines of the Office of the United States Trustee; and it is further

1

ORDERED, that notwithstanding anything to the contrary in the Application or the Listing Agreement (as defined in the Application) the determination of the amount of fees to be paid by the Debtor to the Broker shall be subject to a separate application and order of the Bankruptcy Court; and it is further

ORDERED, that the Broker shall not be entitled to any payments for its services until such time as a sale of the subject property is approved by the Bankruptcy Court, such sale closes, and the Broker files a fee application which is approved by the Court; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  Brooklyn, New York
        September  11, 2012

                                                 s/Jerome Feller
                                                 JEROME FELLER
                                                 UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION


s/ Greg M. Zipes_____
Office of the United States Trustee